```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                            Norfolk Division
```

DERWIN OSBOURNE, #223119,

       Petitioner,

v.                                               ACTION NO. 2:05cv160

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

       Respondent.

<u>FINAL ORDER</u>

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to Petitioner's conviction on June 15, 1994, in the Circuit Court of Fairfax County, Virginia, for use of a firearm during commission of a felony (murder), malicious wounding, and use of a firearm during commission of malicious wounding, as a result of which he was sentenced to serve a total of fifty (50) years in prison.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation.  The report of the magistrate judge was filed on January 11, 2006, recommending

dismissal of the petition with prejudice.[1] By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the magistrate judge. On January 23, 2006, the Court received Petitioner's Objection to United States Magistrate Judge's Report and Recommendation. Also, on January 26, 2006, the Court received Respondent's Objection to Magistrate Judge's Report.

The Court, having reviewed the record and examined the objections filed by Petitioner and Respondent to the Magistrate Judge's Report and Recommendation,[2] and having made de novo findings with respect to the portions objected to,[3] does hereby

---

[1] The report also recommended denial of Petitioner's motions for an evidentiary hearing and for sanctions.

[2] Petitioner reasserts his "Motion to Vacate," which was rejected by the state court as time-barred and which was ultimately dismissed as "frivolous" by the Supreme Court of Virginia.
    Respondent correctly notes that the Supreme Court's decision in Pace v. DiGuglielmo, 544 U.S. ___, 125 S. Ct. 1807 (2005), prohibits tolling of the one-year statute of limitations for filing a federal habeas petition where, as here, the underlying state habeas petition was rejected by the state court as untimely filed. 125 S. Ct. 1807, 1812 (post-conviction state habeas petition that is untimely under state law is not considered "properly filed" for purposes of § 2244(d)(2)).

[3] In this case, Petitioner simply failed to file timely his petition for a writ of habeas corpus. Even if the Court were to construe Petitioner to argue that his late filing should be excused, Petitioner has not set forth grounds to toll the applicable limitation period for equitable reasons. See, e.g., Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (equitable tolling of the limitation period is appropriate only when a petitioner "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time"). In the affidavit accompanying his objections, Petitioner, a pro se

ADOPT AND APPROVE the findings and recommendations set forth in the report of the United States Magistrate Judge filed on January 11, 2006, and it is, therefore, ORDERED that the petition be DENIED AND DISMISSED as the claims are barred by the statute of limitations. It is further ORDERED that judgment be entered in favor of Respondent.

Petitioner may appeal from the judgment entered pursuant to this <u>final</u> <u>order</u> by filing a <u>written</u> notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of

---

litigant, argues that he relied on "jailhouse writ-writer Kevin Johnson, #185492" in filing his state habeas petition and, after that petition was dismissed as time-barred by the trial court, he also relied on inmate Johnson in voluntarily dismissing his appeal of that decision to the Supreme Court of Virginia. The Court finds that these alleged facts do not demonstrate extraordinary circumstances beyond Petitioner's control or external to his own conduct that would have prevented him from filing on time. <u>See, e.g.</u>, <u>United States v. Sosa</u>, 364 F.3d 507, 512 (4th Cir. 2004) (<u>pro se</u> petitioner's ignorance or misconceptions about the operation of the statute of limitations do not justify equitable tolling because they are not extraordinary circumstances beyond his control). In any event, equitable tolling would be immaterial in this case given that the statute of limitations for Petitioner to file his federal habeas petition had passed well before he filed his state habeas petition in the first instance. Petitioner simply is not entitled to equitable tolling of the statute of limitations.

3

appealability.  See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to Petitioner and to counsel of record for Respondent.

                                                  /s/
                                      Rebecca Beach Smith

Norfolk, Virginia

February 14, 2006